## BURNS v. METCALFE CONST. CO. et al.

### No. 4397.

District Court, W. D. Missouri, W. D.

Nov. 27, 1946.

Bellemere & Bellemere, of Kansas City, Mo., for plaintiff.

Stinson, Mag, Thomson, McEvers & Fizzell, of Kansas City, Mo., for defendants.

REEVES, District Judge.

This is an action under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The plaintiff seeks to recover for unpaid overtime compensation. It is averred by him that he was employed by defendants from June 19, 1943, to March 6, 1944, "at an hourly rate of $2.16 per hour for a forty-hour week."

On the question of jurisdiction it is averred by plaintiff "That in the course of his employment by defendants plaintiff was engaged in the handling of goods from states within the United States, and goods returning to states within the United States, and such handling constituted the production of goods in interstate commerce within the meaning of the Fair Labor Standards Act."

Upon these averments the defendants have filed a motion to dismiss on the several grounds (a) that whatever work was done was in the Dominion of Canada and without the confines of the United States; (b) that plaintiff was employed as an assistant superintendent of employees and was then a bona fide executive officer and not subject to the Fair Labor Standards Act, and (c) that the plaintiff was not in fact engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act.

The defendants have filed a brief in support of their contention. The briefs and the authorities have been examined and the following conclusion reached:

1. According to the averments of the complaint the defendants were at all times mentioned, "engaged in the construction of highway and air transport facilities on the Alcan Highway * * *." While there is an averment that they received goods from the States and returned goods to the States, yet it is obvious that the defendants were not engaged in the production of goods in interstate commerce. Adverting to the Fair Labor Standards Act, and particularly Section 202, Title 29 U.S.C.A., it is to be noted that the purpose of Congress, as expressed by paragraph (b) of said Section 202, was "to regulate commerce among the several States," and not to regulate commerce outside of the States. Moreover, by Section 203 and paragraph (b) thereof "commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States *or from any State to any place outside thereof.*" Since plaintiff's employment was outside the United States his work would not fall within the definition of commerce as understood in the Fair Labor Standards Act. The complaint, therefore, is subject to dismissal on the grounds above stated.

2. The averment that the plaintiff was employed in an executive capacity was supported by an affidavit accompanying the motion. This affidavit is not controverted, nor could it well be for the reason that the wages alleged by the plaintiff as being due him were certainly outside the pale of a common laborer. Section 213 of said Title 29 U.S.C.A. particularly provides the following exemptions: "(1) any employee employed in a bona fide executive * * * capacity * * *."

The motion to dismiss should be sustained on this ground.

3. A further ground urged by the defendants for a dismissal of the action is that the plaintiff was not engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act. This was discussed in the first paragraph of this memorandum. It is clear from the averments of the complaint and the affidavit submitted by the defendants that the defendants were engaged in building a highway and not in the production of goods in interstate commerce. While counsel for the plaintiff has not submitted a brief, it is obvious from the numerous authorities cited and from the clear provisions of the statutes that the plaintiff does not fall within the protective provisions of the Fair Labor Standards Act and that his complaint should be dismissed. It will be so ordered.